## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**04-7006902088**

**12/01/2004 15:25**

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

> 10024734
> **AmeriSearch**
> 1232 Q Street
> Sacramento, CA 95814

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

1741340003    UCC 1 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| ALLIANCE FINANCIAL CAPITAL, INC. | | | | |

OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 700 AIRPORT BLVD, SUITE 430 | BURLINGAME | CA | 94010 | |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION CORPORATION | 1f. JURISDICTION OF ORGANIZATION CALIFORNIA | 1g. ORGANIZATIONAL ID #, if any ☒ NONE |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| ALLIANCE FINANCIAL CAPITAL HOLDINGS, INC | | | | |

OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 700 AIRPORT BLVD, SUITE 430 | BURLINGAME | CA | 94010 | |

4. This FINANCING STATEMENT covers the following collateral:

All rights, title and interest of Debtor in and to the following described property, whether now or hereafter owned or existing, leased, consigned by or acquired by debtor and regardless of where located: (1) All accounts, deposit accounts, contract rights, chattel paper, general intangibles, instruments, documents, letters of credit, banker's acceptances, drafts, claims, causes of action, rights in and under insurance policies, rights to tax refunds and inventory and all proceeds of the foregoing, including Debtor's rights to any returned or rejected goods: (2) All Debtor's rights to monies, refunds and other amounts, due from whatever source, including debtor's right of offset and recoupment: (3) All goods, including but not limited to equipment, farm products, machinery, furniture, furnishings, fixtures, tools, supplies, motor vehicles and (4) All proceeds of the foregoing, whether due to voluntary or involuntary disposition, including insurance proceeds and reserving the right to file and prosecute lawsuits, pertaining thereto, in SELLER's or AFC's name or otherwise. (5) All books and records relating to the same.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA

**150797-00 MDA**

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

**EXHIBIT "A"**

ENDORSED FILED
SAN MATEO COUNTY

OCT 2 2 2007

Clerk of the Superior Court
By   C. KANTARIS
        DEPUTY CLERK

1  David Balter, State Bar No. 212027
   DICKENSON PEATMAN & FOGARTY
2  A Professional Corporation
   809 Coombs Street
3  Napa, California 94559
   Telephone: (707) 252-7122
4  Facsimile: (707) 255-6876

5  Attorneys for plaintiffs, defendants, and cross-
   complainants Jacqueline Jackson, David Fenton and
6  Jacqueline Fenton

7

8               SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF SAN MATEO

10

11  Jennifer M. Moore,                    | Case No. 450151

12            Plaintiff,

13      vs.                               | JUDGMENT

14  Richard Lee Hatfield, et al.,

15            Defendant.

16

17  And Related Cross-Actions.

18          The Motion to Enforce Settlement Agreement filed by plaintiffs, defendant and cross-

19  complainants Jacqueline Jackson ("Jackson") and David Fenton and Jacqueline Fenton

20  (collectively "Fenton") came on regularly for hearing on September 14, 2007 at 9:00 a.m. in

21  Department 20 of this Court.

22          Jackson and Fenton appeared by counsel of record David Balter of Dickenson Peatman &

23  Fogarty. Jennifer Moore appeared by counsel of record James H. Seymour, Richard Hatfield,

24  Alliance Financial Capital, Inc. and Alliance Financial Capital Holdings, Inc. appeared by

25  counsel of record Martin Eisenberg. Karen Beard, Eileen M. Cafferata, Helene Chandler, Casey

26  Sheldon, Joann Del Re, J.D. Erickson, Tomas and Fredericka Hill, Pamela Jo Hunter, Elizabeth

27  Kirby, Diana and Craig Locke, John and Susan Nagle, Eleanor J. Pean, George Rnjak, Richard

28  and Jean Spees and Edward and Beverly Winthers appeared by counsel of record Gregory Jung of

[PROPOSED]
JUDGMENT

EXHIBIT "B"

1   Wendel Rosen Black & Dean LLP. John Culver appeared by counsel of record Lloyd Strobel.

2   Melvin R. Slager, Sand Hill Road Venture Group, Sand Hill Road Venture One, IP Enterprises,

3   IP Enterprises Pension Fund, Robert Brophy, Alliance Business Capital and Susan Randolph

4   appeared by counsel of record John J. Hartford.

5        GOOD CAUSE APPEARING it is hereby ordered that Jackson and Fenton's motion to

6   enforce settlement agreement is GRANTED.

7        JUDGMENT is therefore entered against Richard Lee Hatfield, Alliance Financial

8   Capital, Inc., Alliance Financial Capital Holdings, Inc. and Industry Funding Corporation, and

9   each of them, jointly and severally, as follows:

10       Jacqueline Jackson, individually and as trustee of the Jacqueline Jackson Trust dated

11   10.19.89 and the Robert S. Jackson Trust dated 12.13.86 in the following amounts - $124,573.97

12   in principal, $4,491.06 in attorney's fees and costs pursuant to paragraph L of the Settlement

13   Agreement & Mutual Release and $2,354.96 in interest for a total judgment in the amount of

14   $131,419.99, together with prejudgment interest thereon at the rate of ten percent (10%) per

15   annum from September 18, 2007 through and including the date of entry of this judgment;

16       David W. Fenton, individually and Jacqueline Fenton as trustee of the Jacqueline M.

17   Fenton Trust dated October 6, 2000 in the following amounts - $151,200.56 in principal,

18   $4,4,91.06 in attorney's fees and costs pursuant to paragraph L of the Settlement Agreement &

19   Mutual Release and $2,858.31 in interest for a total judgment of $158,549.93, together with

20   prejudgment interest thereon at the rate of ten percent (10%) per annum from September 18, 2007

21   through and including the date of entry of this judgment;

22       John Culver, individually and as trustee of the John Culver Money Purchase Plan, the

23   John A. Culver Trust Fiserv Trust Company. FBO John A. Culver Spectrum IRA # X519340-

24   0001 in the following amounts - $270,250.00 in principal, $3,253.75 in attorney's fees and costs

25   pursuant to paragraph L of the Settlement Agreement & Mutual Release and $5,108.84 in interest

26   for a total judgment of $278,612.59, together with prejudgment interest thereon at the rate of ten

27   percent (10%) per annum from September 18, 2007 through and including the date of entry of this

28   judgment;

[PROPOSED]            2
JUDGMENT

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

DP&F

1     D. Karen Beard, individually and on behalf of Glen Haven LLC, Pensco Trust Company

2 FBO D. Karen Beard IRA BE-053 in the following amounts - $139,001.57 in principal and

3 $2,627.70 in interest for a total of $141,629.27, together with prejudgment interest thereon at the

4 rate of ten percent (10%) per annum from September 18, 2007 through and including the date of

5 entry of this judgment;

6     Eileen M. Cafferata, Trustee of the Robert A. Cafferata and Eileen M. Cafferata

7 Revocable Trust, dated April 7, 2005 in the following amounts - $11,829.92 in principal and

8 $223.63 in interest for a total of $12,053.55, together with prejudgment interest thereon at the rate

9 of ten percent (10%) per annum from September 18, 2007 through and including the date of entry

10 of this judgment;

11     Helene Chandler in the following amounts - $9,686.78 in principal and $183.12 in interest

12 for a total of $9,869.90, together with prejudgment interest thereon at the rate of ten percent

13 (10%) per annum from September 18, 2007 through and including the date of entry of this

14 judgment;

15     Joann Del Re, Trustee of the Robert L. Del Re and Joann H. Del Re Trust, dated October

16 24, 1997 in the following amounts - $104,173.90 in principal and $1,969.31 in interest for a total

17 of $106,143.21, together with prejudgment interest thereon at the rate of ten percent (10%) per

18 annum from September 18, 2007 through and including the date of entry of this judgment;

19     J.D. Erickson in the following amounts - $65,682.83 in principal and $1,241.68 in interest

20 for a total of $66,924.51, together with prejudgment interest thereon at the rate of ten percent

21 (10%) per annum from September 18, 2007 through and including the date of entry of this

22 judgment;

23     Tomas Charles and Fredericka Ann Hill, individually and as trustees for the Hill Family

24 Trust dated 10/99 in the following amounts - $59,393.80 in principal and $1,122.79 in interest for

25 a total of $60,516.59, together with prejudgment interest thereon at the rate of ten percent (10%)

26 per annum from September 18, 2007 through and including the date of entry of this judgment;

27     Pamela Jo Hunter in the following amounts - $10,095.76 in principal and $190.85 in

28 interest for a total of $10,286.61, together with prejudgment interest thereon at the rate of ten

[PROPOSED]
JUDGMENT

3

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

DPF

1 percent (10%) per annum from September 18, 2007 through and including the date of entry of this

2 judgment;

3      Elizabeth B. Kirby in the following amounts - $32,783.20 in principal and $619.74 in

4 interest for a total of $33,402.94, together with prejudgment interest thereon at the rate of ten

5 percent (10%) per annum from September 18, 2007 through and including the date of entry of this

6 judgment;

7      Diana and Craig Locke in the following amounts - $6,014.64 in principal and $113.70 in

8 interest for a total of $6,128.34, together with prejudgment interest thereon at the rate of ten

9 percent (10%) per annum from September 18, 2007 through and including the date of entry of this

10 judgment;

11      John Michael Nagle and Susana Farber Nagle, individually and as trustees for the Nagle

12 Living Trust dated 4/23/93 in the following amounts - $14,770.11 in principal and $279.22 in

13 interest for a total of $15,049.33, together with prejudgment interest thereon at the rate of ten

14 percent (10%) per annum from September 18, 2007 through and including the date of entry of this

15 judgment;

16      George Rnjak in the following amounts - $46,902.08 in principal and $886.64 in interest

17 for a total of $47,788.72, together with prejudgment interest thereon at the rate of ten percent

18 (10%) per annum from September 18, 2007 through and including the date of entry of this

19 judgment;

20      Casey B. Sheldon ("C. Sheldon") in the following amounts - $24,497.63 in principal and

21 $463.11 in interest for a total of $24,960.74, together with prejudgment interest thereon at the rate

22 of ten percent (10%) per annum from September 18, 2007 through and including the date of entry

23 of this judgment;

24      Melvin R. Slager, individually and on behalf of Sandhill Road Venture Group, San Hill

25 Road Venture One, I.P. Enterprises and I.P. Enterprises Pension Fund in the following amounts -

26 $146,019.28 in principal and $2,760.36 in interest for a total of $148,779.64, together with

27 prejudgment interest thereon at the rate of ten percent (10%) per annum from September 18, 2007

28 through and including the date of entry of this judgment;

[PROPOSED]           4
JUDGMENT

DPøF

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

1    Richard L. and Jean K. Spees, individually and as trustees of the Spees Family Revocable

2   Living Trust dated 12-29-94, First Trust Corporation FBO Richard L. Spees in the following

3   amounts - $72,049.32 in principal and $1,362.03 in interest for a total of $73,411.35, together

4   with prejudgment interest thereon at the rate of ten percent (10%) per annum from September 18,

5   2007 through and including the date of entry of this judgment;

6    Edward F. and Beverly J. Winthers, individually and as trustees of the Winthers Family

7   Trust dated 7-14-80 in the following amounts - $53,319.67 in principal and $1,007.96 in interest

8   for a total of $54,327.63, together with prejudgment interest thereon at the rate of ten percent

9   (10%) per annum from September 18, 2007 through and including the date of entry of this

10   judgment;

11    Margaret Anstrand in the following amounts - $8,177.88 in principal and $154.60 in

12   interest for a total of $8,332.48, together with prejudgment interest thereon at the rate of ten

13   percent (10%) per annum from September 18, 2007 through and including the date of entry of this

14   judgment;

15    Rosemary DeMarco in the following amounts - $53,104.71 in principal and $1,003.90 in

16   interest for a total of $54,108.61, together with prejudgment interest thereon at the rate of ten

17   percent (10%) per annum from September 18, 2007 through and including the date of entry of this

18   judgment;

19    Frank and Fran Grasso, individually and as trustees for the Grasso Family Recovacble

20   Trust dated 8-30-99 in the following amounts - $11,829.92 in principal and $223.63 in interest for

21   a total of $12,053.55, together with prejudgment interest thereon at the rate of ten percent (10%)

22   per annum from September 18, 2007 through and including the date of entry of this judgment;

23    Gerald Ireland in the following amounts - $7,097.95 in principal and $134.18 in interest

24   for a total of $7,232.13, together with prejudgment interest thereon at the rate of ten percent

25   (10%) per annum from September 18, 2007 through and including the date of entry of this

26   judgment;

27    Hetta Malone in the following amounts - $80,479.16 in principal and $1,521.39 in interest

28   for a total of $82,000.55, together with prejudgment interest thereon at the rate of ten percent

[PROPOSED]                                           5
JUDGMENT

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

DP&F

1   (10%) per annum from September 18, 2007 through and including the date of entry of this

2   judgment;

3         Eleanor J. Pean, individually and as trustee for the Pean Development Corporation Money

4   Purchase Plan. in the following amounts - $186,664.18 in principal and $3,528.72 in interest for a

5   total of $190,192.90, together with prejudgment interest thereon at the rate of ten percent (10%)

6   per annum from September 18, 2007 through and including the date of entry of this judgment;

7         Francey Philipson Swim in the following amounts - $41,404.71 in principal and $782.72

8   in interest for a total of $42,187.43, together with prejudgment interest thereon at the rate of ten

9   percent (10%) per annum from September 18, 2007 through and including the date of entry of this

10  judgment;

11        Suzanna Pollak in the following amounts - $55,439.72 in principal and $1,048.04 in

12  interest for a total of $56,487.76, together with prejudgment interest thereon at the rate of ten

13  percent (10%) per annum from September 18, 2007 through and including the date of entry of this

14  judgment;

15        Jack Webster in the following amounts - $41,730.48 in principal and $788.88 in interest

16  for a total of $42,519.36, together with prejudgment interest thereon at the rate of ten percent

17  (10%) per annum from September 18, 2007 through and including the date of entry of this

18  judgment;

19         In addition, as prevailing parties, Karen Beard, Eileen M. Cafferata. Helene Chandler,

20  Casey Sheldon, Joann Del Re, J.D. Erickson. Tomas and Fredericka Hill, Pamela Jo Hunter,

21  Elizabeth Kirby, Diana and Craig Locke, John and Susan Nagle, Eleanor J. Pean, George Rnjak,

22  Richard and Jean Spees and Edward and Beverly Winthers are awarded their attorney's fees in

23  the amount of $10.945.50 and their costs in the amount of $383.50, for a total award of

24  $11,329.00 pursuant to paragraph L of the Settlement Agreement & Mutual Release; which

25  amount shall be added to the those other amounts awarded each of them herein and shall become

26  part of this judgment.

27        JUDGMENT is also entered against Richard Lee Hatfield, Alliance Financial Capital,

28  Inc., Alliance Financial Capital Holdings, Inc. and Industry Funding Corporation, and each of

[PROPOSED]                                      6
JUDGMENT

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
DP&F

them, jointly and severally, on those remaining terms and conditions set forth in paragraphs 4 through 8 of the Settlement Agreement & Mutual Release previously approved of by this Court on May 31, 2007, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated hereinto this Judgment by this reference.

Richard Lee Hatfield, Alliance Financial Capital, Inc., Alliance Financial Capital Holdings, Inc and Industry Funding Corporation, and each of them, shall provide an accounting of all accounts receivable to all judgment creditors within ten (10) days of the entry of this judgment as required by paragraph 5(c)(iv) of the Settlement Agreement & Mutual Release previously approved of by this Court on May 31, 2007, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated hereinto this Judgment by this reference. In addition, Richard Lee Hatfield, Alliance Financial Capital, Inc. and Alliance Financial Capital Holdings, Inc., and each of them, are further ordered to provide an accounting of all accounts receivable to all judgment creditors on a quarterly basis (i.e., four times per year), and no later than the 15th day of the month following the end of each quarter.

SO ORDERED:

Dated: **OCT 1 9 2007.**

_Jonath C. Kar_
JUDGE OF THE SUPERIOR COURT

Case: 08-30575    Doc# 97-3    Filed: 01/22/09    Entered: 01/22/09 10:04:59    Page 8 of 21

Exhibit "A"

## SETTLEMENT AGREEMENT & MUTUAL RELEASE

This Settlement Agreement & Mutual Release ("Agreement") is entered into this
___th day of February, 2007 between Richard Lee Hatfield ("Hatfield"), Alliance
Financial Capital, Inc. ("AFCH"), Alliance Financial Capital Holdings, Inc., and
Industry Funding Corporation (hereinafter collectively referred to as "Alliance,")
Alliance Business Capital, Inc. ("ABC") and Robert W. Brophy ("Brophy"), (hereinafter
collectively referred to as "ABC/Brophy") on the one hand, and Jacqueline Jackson,
individually and as trustee of the Jacqueline Jackson Trust dated 10.19.89 and the Robert
S. Jackson Trust dated 12.13.86 ("Jackson"), David W. Fenton, Individually, and David
W. Fenton, IRA Account #X172779-001 Held At First Trust Corporation, and Jacqueline
M. Fenton, Individually, and Jacqueline M. Fenton, Trustee of the Jacqueline M. Fenton
Trust dated October 6, 2000 ("Fenton"), Melvin R. Slager, individually and/or doing
business as Sand Hill Road Venture Group, Sand Hill Road Venture One and IP
Enterprises and I.P. Enterprises Pensun Fund ("Slager"), John Culver, individually and as
Trustee of the John Culver Money Purchase Plan, the John A. Culver Trust and Fiserv
Trust Company, Trustee FBO John A. Culver Spectrum IRA # X519340-0001
("Culver"), D. Karen Beard, individually and on behalf of Glen Haven LLC, Pensco
Trust Company FBO D. Karen Beard IRA BE-053 ("Beard"), Helene Chandler
("Chandler"), Joann Del Re, Trustee of the Robert L. Del Re and Joann H. Del Re Trust,
dated October 24, 1997 ("Del Re"), First Trust Corporation, FBO J.D. Erickson, TTEE
("Erickson"), Tomas Charles and Fredericka Ann Hill, individually and as trustees for the
Hill Family Trust dated 10/99 ("Hill"), Fi-Serv ISS and Co., TTEE FBO Pamela Jo
Hunter ("Hunter"), First Trust Corporation FBO Elizabeth B. Kirby ("Kirby"), Diana and
Craig Locke ("Locke"), John Michael Nagle and Susana Farber Nagle, individually and
as trustees for the Nagle Living Trust dated 4/23/93 ("Nagle"), George Rnjak ("Rnjak"),
First Trust Corporation FBO Casey B. Sheldon ("C. Sheldon"), Richard L. and Jean K.
Spees, individually and as trustees of the Spees Family Revocable Living Trust dated 12-
29-94, First Trust Corporation FBO Richard L. Spees ("Spees") and Edward F. and
Beverly J. Winthers, individually and as trustees of the Winthers Family Trust dated 7-
14-80 ("Winthers") (all of whom are hereinafter collectively referred to as the

"Creditors",") and T. Dale and Mariann Sheldon ("Sheldons") on the other hand. Alliance, Brophy, the Creditors and Sheldons are hereinafter collectively referred to as the "Settling Parties."

I.

## RECITALS

A.    A dispute between Jackson and Alliance, and each of them, arose and resulted in the filing of that certain action styled *Jacqueline Jackson, et al. v. Alliance Financial Capital, Inc., et al.*, San Mateo County Superior Court Case No. 454150 ("the Jackson action"). In or about December, 2006, Slager and Sheldons, among others, were added as defendants to the Jackson action. In or about December, 2006, the Jackson action was consolidated with that certain action styled *Jennifer Moore v. Richard Lee Hatfield; et al.*, San Mateo County Superior Court Case No. 450151, in which action numerous cross-claims have been asserted by the Creditors (respectively "the Moore action" and "the Consolidated action").

B.    The Settling Parties now desire to settle all of their claims and counter-claims against each other as asserted or which could be asserted, arising out of or in any way related to the Jackson, Moore and Consolidated Actions and/or transactions described within the Jackson, Moore and Consolidated Actions, except for any claims against Jennifer Moore.

II.

## AGREEMENT

In consideration of the mutual promises and consideration hereinafter described, it is agreed as follows:

A.    Release. Effective upon Alliance's payment as required under paragraph C.2. below, and with the exception of the payments required under paragraph C.5.c., and except as provided under paragraph C.8, the Settling Parties hereby release and forever discharge each other, their respective officers, employees, Boards of Directors, partners, ...employers, agents, servants, accountants, affiliate, parent and subsidiary companies, attorneys, property managers, insurance carriers, sureties, representatives, and all other persons acting for or under them, past and present, of and from any and all claims, demands, actions, causes of action, obligations, damages, liabilities, loss, cost or expense,

including attorneys' fees and costs of any kind or nature, whatsoever, past or present, ascertained or unascertained, whether or not now known, suspected or claimed, arising out of, relating to or incidental to the issues that are the subject of the Action (the "Claims"). Notwithstanding anything to the contrary herein, as part of the consideration for this Release, Jennifer Moore is not released from any Claims which are being released herein among the Settling Parties or by any Settling Party.

B.      Waiver. The Settling Parties expressly waive any rights or benefits available under Section 1542 of the Civil Code of the State of California, which provides as follows:

> *"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."*

C.      Consideration. In consideration for this release, the Settling Parties agree to the following:

1.      Alliance, and each of them, agree that within seven (7) days from date of their receipt of a fully executed copy of this Agreement, they shall file a motion for determination and approval of good faith settlement agreement (the "Motion") in the Consolidated Action, and shall provide proper notice of same to all parties to the Consolidated action, whether they have appeared therein or not. The Settling Parties agree that approval of the Motion by the Superior Court of California in and for the County of San Mateo ("Superior Court") is a condition precedent to the effectiveness of this Agreement. The Settling Parties agree to cooperate in obtaining that approval.

2.      Alliance, and each of them, shall pay or cause to be paid the sum of Two Million Dollars ($2,000,000.00) in lawful money of the United States (the "Settlement Monies") to the parties listed in Exhibit "A" hereto in the amounts set forth thereon within sixty (60) days of Superior Court approval of the Motion, which sum shall be distributed among the parties named in Exhibit "A" hereto in the amounts set forth therein. The Motion will include, but is not limited to, the obtaining of an order dismissing with prejudice all claims by Alliance and ABC/Brophy, and each of them, against the Creditors, Culver, Jackson and Fenton, whether direct or derivative in nature. If the Motion is not approved as requested or the Settlement Monies are not timely paid

as provided herein, all obligations and agreements by the Creditors, Fenton, Jackson and Culver shall be null and void.

3. Sheldons agree to have their portion of any monies otherwise allocated to them pursuant to this Agreement to be paid to the Creditors, Jackson, Fenton and other non-signatory creditors of Alliance as provided in the schedule attached hereto as Exhibit "B" and in paragraph 5 below.

4. Notwithstanding the failure of any non-signatory creditors of Alliance to agree and accept any Settlement Monies as described hereunder, this Agreement shall be binding on all signatories hereto. The Settling Parties acknowledge that this Agreement is subject to a court order providing that should any non-signatory creditor of Alliance accept any portion of the Settlement monies, that party shall be bound by the terms and conditions of this Agreement. However, no person or entity that refuses to be bound by said court order shall be entitled to paid any portion of the Settlement Monies.

5. In addition to the above, the Creditors Jackson, Fenton and Culver shall also receive a distribution of the collections on those certain accounts receivable of Alliance more fully described in Exhibit "C" hereto ("the Accounts Receivable"). Any and all monies collected from the Accounts Receivable will be distributed pursuant to the following schedule:

a. Alliance, its heirs, successors or assigns will be reimbursed for the actual court costs it incurs if litigation is required to enforce collection of the Accounts Receivable. Alliance, its heirs, successors or assigns, shall receive 25% of all net amounts actually collected as a fee for collecting the Accounts Receivable. Alliance, its heirs, successors or assigns shall be entitled to create, maintain and replenish a "cost fund" of up to $25,000 from the first dollars received in its collection of the Accounts Receivable from which it is to pay its ongoing court costs actually incurred in any such litigation. Once all of the Accounts Receivable have been collected, any excess funds remaining in the "cost fund" shall be distributed to the Creditors, Jackson, Fenton, Culver and others, pursuant to the schedule listed below, or

///

///

4                                    Settlement Agreement

b. ` Should the professional services of outside counsel be required by Alliance, its heirs, successors or assigns to enforce collection of any of the Accounts Receivable, the maximum fee to be paid to that outside counsel shall not exceed 33 1/3% of the amount actually collected from the Accounts Receivable by this outside counsel without the prior written agreement of the Settling Parties. If this occurs, Alliance, and each of them, shall not be entitled to any collections fees described in subsection 5.a. above, but shall be entitled to be reimbursed for the amount of any costs it actually incurs.

c. The balance of any Accounts Receivable collected shall be distributed to the Creditors, among others, to equalize the distribution of the Settlement Monies in the following order:

i. To the Creditors, and those other recipients of the Settlement Monies that are listed in Exhibits "A" and "B" who are to receive approximately 20.5% of the principal amount owed to them by Alliance hereunder provided that they participate in any reinvestment with Alliance, its heirs, successors or assigns (the "Re-investors"). This group shall receive all of the net distributions actually collected from the Accounts Receivable until the distributions they receive equal the pro-rata distributions received by Culver and those other Creditors and recipients who receive Settlement Monies in the approximate amount of 23.5% of their principal amount invested with Alliance.

.· ii. When the pro-rata distributions under subsection c.i above reach 23.5% of the principal amount owed, Culver and the other Creditors shall begin receiving all net distributions actually collected from the Accounts Receivable, together with the Re-investors, until the distributions they receive equal 30% of the principal amount owed to them by Alliance.

iii. When the all of the parties receiving distributions from the Accounts Receivable at that time have received a pro-rata distribution therefrom equaling 30% of the principal amount owed to them by Alliance, Fenton and Jackson will begin sharing in all further distributions of the net amount of any and all monies collected from the Accounts Receivable on a pro-rata basis.

iv. . The amounts to be received by any party as set forth above are exclusive of any monies received from Sheldons. None of the Settling Parties shall be required to

participate in any reinvestment as described above to participate in this Agreement. Alliance, its heirs, successors or assigns shall provide an accounting of the status of the collections of the Accounts Receivable to the Settling Parties on a quarterly basis (i.e., every three months).

. 6.    ABC/Brophy shall receive dismissals without prejudice from the Creditors when the Motion is approved by the Superior Court. Concurrently with the filing of these dismissals, ABC/Brophy will execute a tolling agreement pending payment of the Settlement Monies to the Creditors, and other recipients. If the Settlement Monies are not timely paid to the Creditors and other recipients, ABC/Brophy agree that they shall again become parties to the Moore and Consolidated actions. ABC/Brophy shall receive dismissals with prejudice from the Creditors when the Settlement Monies are actually received by the Creditors. Alliance, and each of them, and Sheldons shall receive dismissals with prejudice from the Creditors when the Settlement Monies are actually received by the Creditors.

7.    Upon approval of the Motion by the Superior Court, Rnjak, Spees and Erickson agree to file a petition to dismiss the involuntary bankruptcy petitions against Hatfield and AFCH.

8.    If payment under paragraph C.2 is avoided under Title 11 of the United States Code, then the full amount of the indebtedness owing to the Creditors, Fentons, Jacksons and Sheldons prior to this Agreement, less any payments received, shall be deemed to be due and owing.

D.    Attorney's Fees and Costs. Each Settling Party shall bear its own attorneys' fees and costs.

E.    Warranty of Full and Complete Disclosure of Assets & Liabilities.

Hatfield and Alliance, and each of them, represent and warrant that they possess no known additional assets, liabilities or claims in their favor of any type or kind beyond those disclosed by Hatfield, Alliance, and/or each of them, in the Jackson, Moore and Consolidated actions. Hatfield and Alliance, and each of them, acknowledge and agree that these representations are a material term of this Agreement.

F.   Final Settlement. The settling parties understand that this is a full and final release applying to all unknown and unanticipated damages arising out of each others' acts or omissions, as well as to those now known or disclosed. The settling parties understand and acknowledge the significance and consequence of the specific waiver of California Civil Code §1542 described above and hereby assume full responsibility for any injury, loss, damage or liability that may hereafter be incurred by reason or related to the matter alleged and raised by said litigation.

G.   No Inducement. Each party individually and collectively declares and represents that no promises, inducement, or other agreements not expressly contained herein have been made with regard to the settlement of this dispute, that this Agreement contains the entire agreement between the parties with respect to said subject matter, and the terms of this agreement are contractual and not mere recitals.

H.   Binding Effect. This Agreement shall inure to the benefit of each party hereto or benefit thereby, their predecessors, successors, subsidiaries, affiliates, representatives, assigns, agents, officers, directors, employees, and person representatives, past, present, and future.

I.   Representation. The Settling Parties represents and acknowledges that each of them has been represented by counsel with respect to this Agreement and any and all matters covered by or related to such Agreement. Each party has been fully advised with respect to all rights that are affected by this Agreement.

J.   No Modification. This Agreement contains the entire agreement between the parties regarding the matter set forth herein and may not be altered, amended, or modified in any respect, except by a writing duly executed by the party to be charged. All prior agreements and understandings, oral agreements, and writings regarding the matter set forth herein are expressly suspended hereby and are of no further force or effect.

K.   Voluntary and Knowing Release. Each party signing hereto, represents and warrants that each of them read, knows, and understands the contents hereof, has executed this Agreement voluntarily, and has not been influenced by any person or persons or attorney acting on behalf of any party, and understand that after signing this

Agreement, each party cannot proceed against the other on account of any of the matters described herein.

L.    Applicable Law. This Agreement shall be construed and interpreted in accordance with the laws of the State of California. The Settling Parties shall be deemed to have each participated in drafting this Agreement, and it shall not be construed against any of them. The Settling Parties agree that, should any of them seek the interpretation or enforcement of this Agreement, or assert by way of defense in any lawsuit or other proceeding, any covenant, representation or other term or provision of this Agreement, the prevailing party shall be awarded his, her, or its reasonable attorney's fees and costs incurred in such proceeding. The Settling Parties further agree that any legal action regarding the terms of this Agreement shall be brought in the Superior Court of San Mateo County, California.

M.    Severability. If any provision or any part of any provision of this Agreement is for any reason held to be invalid, unenforceable or contrary to any public policy, law, statute and/or ordinance, then the remainder of this agreement shall not be affected thereby and shall remain valid and fully enforceable.

·N.    Admissibility of Agreement. The parties agree that this Agreement shall be admissible for the purpose of enforcing the terms hereof, under California Code of Civil Procedure § 664.6.

O.    Counterparts. This Agreement may be executed in counterparts and as so executed, shall constitute an agreement which shall be binding upon all parties hereto, notwithstanding that the signatures of all parties' designated representatives do not appear on the same page.

P.    Warranty of Authority. Each person who executes this Agreement on behalf of a corporation, partnership, joint venture, unincorporated association, trust or other entity represents and warrants to each party hereto that he or she has the authority of the shareholders or members of said entity to do so, and agrees to indemnity and hold harmless each other party from any claim that such authority did not exist.

Q.    Mutual Assurances. The settling parties covenant and agree to take such further actions and to execute, acknowledge, and deliver such additional documents including, but not limited to, assignments and other such instruments as may be

reasonably required to implement the terms and conditions of this Agreement. The parties below named have executed this Agreement as of the date and year appearing adjacent to the signatures of the parties as set forth below.

Dated: _3·3·07_

_____
Richard Lee Harfield, individually and on behalf of
Alliance Financial Capital, Inc., Alliance Financial
Capital Holdings, Inc., and Industry Funding
Corporation

Dated: _____

_____
Robert W. Brophy individually and on
behalf of Alliance Business Capital, Inc.

Dated: _3 - 5 - 2007_

_____
Jacqueline Jackson, individually and as trustee of
the Jacqueline Jackson Trust dated 10.19.89 and the
Robert S. Jackson Trust dated 12.13.86.

Dated: _____

_____
David Fenton

Dated: _____

_____
Jacqueline Fenton

Dated: _____

_____
Melvin R. Slager, individually and on behalf of
Sand Hill Road Venture Group, Sand Hill Road
Venture One and I.P. Enterprises andf I.P.
Enterprises Pension Fund

Dated: _____

_____
John Culver, individually and as Trustee of the John
Culver Money Purchase Plan, the John A. Culver
Trust and Fiserv Trust Company, Trustee FBO John
A. Culver Spectrum IRA # X519340-0001

Dated: _____

_____

Case: 08-30575    Doc# 97-3    Filed: 01/22/09    Entered: 01/22/09 10:04:59    Page 18
of 21

reasonably required to implement the terms and conditions of this Agreement. The parties below named have executed this Agreement as of the date and year appearing adjacent to the signatures of the parties as set forth below.

Dated: __3-3-07__         _____
                          Richard Lee Hatfield, individually and on behalf of
                          Alliance Financial Capital, Inc., Alliance Financial
                          Capital Holdings, Inc., and Industry Funding
                          Corporation

Dated: _____      _____
                          Robert W. Brophy individually and on
                          behalf of Alliance Business Capital, Inc.

Dated: _____      _____
                          Jacqueline Jackson, individually and as trustee of
                          the Jacqueline Jackson Trust dated 10.19.89 and the
                          Robert S. Jackson Trust dated 12.13.86

Dated: _____      _____
                          David Fenton

Dated: _____      _____
                          Jacqueline Fenton

Dated: _____      _____
                          Melvin R. Slager, individually and on behalf of
                          Sand Hill Road Venture Group, Sand Hill Road
                          Venture One and I.P. Enterprises andf I.P.
                          Enterprises Pension Fund

Dated: __3-6-07__         _____
                          John Culver, individually and as Trustee of the John
                          Culver Money Purchase Plan, the John A. Culver
                          Trust and Fiserv Trust Company, Trustee FBO John
                          A. Culver Spectrum IRA # X5!9340-0001

Dated: _____      _____

112205.1                              9                    Settlement Agreement

Case: 08-30575    Doc# 97-3    Filed: 01/22/09    Entered: 01/22/09 10:04:59    Page 19
                                        of 21

reasonably required to implement the terms and conditions of this Agreement. The
parties below named have executed this Agreement as of the date and year appearing
adjacent to the signatures of the parties as set forth below.

Dated: 3-3-07
_____
Richard Lee Hatfield, individually and on behalf of
Alliance Financial Capital, Inc., Alliance Financial
Capital Holdings, Inc., and Industry Funding
Corporation

Dated: _____
_____
Robert W. Brophy individually and on
behalf of Alliance Business Capital, Inc.

Dated: _____
_____
Jacqueline Jackson, individually and as trustee of
the Jacqueline Jackson Trust dated 10.19.89 and the
Robert S. Jackson Trust dated 12.13.86

Dated: _____
_____
David Fenton

Dated: _____
_____
Jacqueline Fenton

Dated: _____
_____
Melvin R. Slager, individually and on behalf of
Sand Hill Road Venture Group, Sand Hill Road
Venture One and I.P. Enterprises and f LP.
Enterprises Pension Fund

Dated: _____
_____
John Culver, individually and as Trustee of the John
Culver Money Purchase Plan, the John A. Culver
Trust and Fiserv Trust Company, Trustee FBO John
A. Culver Spectrum IRA # X519340-0001

Dated: Mar 5 2007   _____, individ...
                     + on behalf o...

112205.1                            9                  Settlement Agreement

3/5/07

*O'Hara LLC*

D. Karen Beard, individually and on behalf of Glen
Haven LLC, Peosco Trust Company FBO D. Karen
Beard IRA BE-053

Dated: _____

_____
Helene Chandler

Dated: _____

_____
Casey B. Sheldon

Dated: _____

_____
Joann Del Re, Trustee of the Robert L. Del Re and
Joann H. Del Re Trust, dated October 24, 1997·

Dated: _____

_____
J.D. Erickson, TTEE

Dated: _____

_____
Tomas Charles and Fredericka Ann Hill,
individually and as trustees for the Hill Family
Trust dated 10/99

Dated: _____

_____
Pamela Jo Hunter

Dated: _____

_____
Elizabeth B. Kirby

Dated: _____

_____
Diana Locke

Dated: _____

_____
Craig Locke

Dated: _____

_____

188205.1                           10                    Settlement Agreement