

Signed and Filed: January 29, 2009

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ALLIANCE FINANCIAL CAPITAL, INC.,<br><br>                Debtor. | Case No. 08-30575 TEC<br><br>Chapter 7 |

**MEMORANDUM RE JACKSON-FENTON MOTION FOR TURNOVER OF FUNDS**

On December 19, 2008, the court held a hearing in the above-captioned case on the Motion for Turnover of Funds filed by the Jackson-Fenton parties. Chris D. Kuhner appeared for movants Jacqueline Jackson, individually and as Trustee of the Jacqueline Trust Dated October 19, 1989 and the Robert S. Jackson Trust Dated December 13, 1986 (Jackson Parties) and Jacqueline and David Fenton (Fenton Parties). Dennis D. Davis appeared for the chapter 7 trustee E. Lynn Schoenmann. James H. Seymour appeared for interested party Jennifer M. Moore. Thomas C. McNally, III appeared for creditors John and Susan Nagle. Kevin C. Driscoll, Jr. appeared for Burke Environmental LLC.

The Jackson-Fenton motion for turnover should be granted on the basis that Jackson and Fenton hold an unavoidable security

MEMORANDUM RE JACKSON-FENTON
MOTION FOR TURNOVER OF FUNDS          -1-

interest in the funds in question.  It is established that Jackson and Fenton obtained a writ of attachment in San Mateo Superior Court action 450151.  That action was terminated by a judgment entered in favor of Jackson and Fenton in the same action.  As a result, the judgment lien relates back to the date of the writ of attachment under Cal. C.C.P. § 697.020.

    The sole objection to the motion for turnover was filed by Jennifer Moore.  She argues that the judgment lien does not relate back, because the parties settled the San Mateo action, that the settlement involved a release of all claims, and that in any event the settlement replaced the pending claims and could not be the basis for relation back under section 697.020.  This argument is unpersuasive.  First, the judgment was entered in the action in which the writ had been issued.  This is not an instance in which the action had been dismissed, and plaintiff thereafter sued the settling defendant for breach of contract in a separate action.  Second, the release never went into effect.  Under the terms of the settlement agreement, the release was effective only upon full payment of the settlement amount.  See Settlement Agreement and Mutual Release, Part II A.  That has never occurred.  Until such performance, which never occurred, the settlement agreement was in substance a stipulation for entry of judgment.

**\*\*END OF MEMORANDUM\*\***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Joan M. Chipser, Esq. |
|   | Law Offices of Joan M. Chipser |
| 4 | 1 Green Hills Court |
|   | Millbrae, CA 94030 |
| 5 | |
|   | Daniel M. Linchey, Esq. |
| 6 | Katherine D. Ray, Esq. |
|   | Goldberg, Stinnett, Davis and Linchey |
| 7 | 44 Montgomery Street, Suite 2900 |
|   | San Francisco, CA 94104 |
| 8 | |
|   | James H. Seymour, Esq. |
| 9 | 706 Cowper Street |
|   | Palo Alto, CA 94301 |
| 10 | |
|   | Chris D. Kuhner, Esq. |
| 11 | Kornfield, Paul, Nyberg & Kuhner |
|   | 1999 Harrison Street, Suite 2675 |
| 12 | Oakland, CA 94612 |
| 13 | Thomas C. McNally, III, Esq. |
|   | 455 Market Street, 19th Floor |
| 14 | San Francisco, CA 94105 |
| 15 | Michael St. James, Esq. |
|   | St. James Law |
| 16 | 155 Montgomery Street, Suite 1004 |
|   | San Francisco, CA 94104 |
| 17 | |
|   | Michael D. Cooper, Esq. |
| 18 | Wendel, Rosen, Black and Dean |
|   | 1111 Broadway, 24th Floor |
| 19 | P.O. Box 2047 |
|   | Oakland, CA 94604-2047 |
| 20 | |
|   | Kevin C. Driscoll, Jr., Esq. |
| 21 | Barnes & Thornburg LLP |
|   | One Norther Wacker Drive, Suite 4400 |
| 22 | Chicago, IL 60606 |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |