

Signed and Filed: August 18, 2009

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 08-30575 TEC |
| ALLIANCE FINANCIAL CAPITAL, INC., | ) Chapter 7 |
| Debtor. | ) |

**MEMORANDUM RE TRUSTEE'S MOTION FOR ORDER AUTHORIZING SURCHARGE OF CASH COLLATERAL TO PAY ADMINISTRATIVE EXPENSES**

On June 29, 2009, the court held a hearing in the above-captioned case on trustee's Motion for Order Authorizing Surcharge of Cash Collateral to Pay Administrative Expenses. Katherine D. Ray appeared for the chapter 7 trustee, E. Lynn Schoenmann. Chris D. Kuhner appeared for Jacqueline Jackson, the Jacqueline Jackson Trust, the Robert S. Jackson Trust, and Jacqueline and David Fenton (the Jackson-Fenton Parties).

For the following reasons, the trustee's motion for surcharge is granted in the sum of $12,385.50.

**FACTS**

The Jackson-Fenton parties hold a judgment lien in the sum of $289,970, recorded against Debtor on October 30, 2007. Debtor filed the above-captioned bankruptcy case on April 4, 2008. As of

MEMORANDUM RE JACKSON-FENTON
MOTION FOR TURNOVER OF FUNDS                -1-

that date, the Jackson-Fenton parties had not recovered any amount of their judgment. The bankruptcy case was converted to chapter 7 on April 22, 2008. On April 30, 2008, the chapter 7 trustee was appointed.

On June 27, 2008, trustee filed a motion to abandon non-cash assets of the estate. The motion recited that trustee holds cash in the sum of $249,456 (the Cash).

Trustee contends that her professionals spent 35.10 hours collecting the Cash,[1] for which they incurred fees totaling $13,468.50.[2] $1,855 of this amount relates to the termination of a factoring agreement with Security Protection Services and obtaining a replacement factor, which yielded $16,536 for the estate. Other services in this category include investigating the status of Debtor's receivables, installment payments owing to Debtor, and bankruptcy claims filed by Debtor in other cases.

In addition to services related to recovering the Cash (Category C), trustee's professionals rendered services in the following categories: (1) Category A: identification and preservation of estate assets, $16,430; (2) Category B: identification of and responding to competing liens, adverse claims, and interests, $6,872.50; and (3) Category D: disposition

---

[1] This figure is taken from Category C (Services Rendered to Marshall and Liquidate Estate Assets) in the Supplement to Trustee's Motion for Surcharge, filed on June 5, 2009.

[2] An order was signed on February 24, 2009 approving the first and final fee application of trustee's counsel, and awarding fees in the sum of $67,408.50. An order was signed on March 11, 2009 approving the fee application of trustee's accountant, and awarding fees in the sum of $7,631.50.

**MEMORANDUM RE JACKSON-FENTON MOTION FOR TURNOVER OF FUNDS** -2-

of assets, $14,541.[3] Trustee seeks to surcharge the Jackson-Fenton parties with all of these fees, plus the trustee's statutory fee of $9,223.[4]

Trustee argues that the Jackson-Fenton parties benefitted from her services and those of her professionals, because the Jackson-Fenton parties received all of the Cash collected by trustee, except funds that were not property of the estate ($31,827), funds paid to Burke Environmental LLC with the consent of the Jackson-Fenton parties ($22,808), and a $75,000 surcharge reserve.[5] Trustee argues that, absent her services and those of her professionals, the trustee could not have collected the cash ultimately distributed to the Jackson-Fenton parties. Trustee contends that, had she not done so, the Jackson-Fenton parties would have had to determine the extent and identity of all parties believed to hold liens, claims or interests in Debtor's assets. Regarding the funds paid to Burke Environmental LLC, trustee argues that these were overpayments by account debtors to which the Jackson-Fenton parties had no right, but from which, thanks to the efforts of trustee, the Jackson-Fenton parties received $4,000.

---

[3] This category only includes counsel's efforts to obtain secured creditor consent to use cash collateral to pay the trustee's administrative expenses, and trustee's motion to distribute assets to secured creditors and to abandon non-cash assets to Debtor.

[4] This is the statutory maximum based upon the $119,457 disbursed by trustee to the Jackson-Fenton parties.

[5] The parties stipulated to set aside $75,000 of the Jackson-Fenton parties' collateral, in the event the court surcharged such collateral with all the allowed fees of trustee's counsel and accountant. The parties did not stipulate to the amount of the surcharge.

**MEMORANDUM RE JACKSON-FENTON MOTION FOR TURNOVER OF FUNDS**

-3-
Case: 08-30575   Doc# 122   Filed: 08/18/09   Entered: 08/18/09 11:33:14   Page 3 of 8

**GOVERNING LAW**

Pursuant to 11 U.S.C. § 506(c), administrative expenses may be reimbursed out of a secured party's collateral upon a showing that the expenses incurred were reasonable, necessary, and provided a benefit to the secured creditor, or that the secured creditor caused or consented to the expense. <u>In re Compton Impressions Ltd.</u>, 217 F.3d 1256, 1262 (9th Cir. 2000); <u>In re Cascade Hydraulics & Utility Svc., Inc.</u>, 815 F.2d 546, 548 (9th Cir. 1987). The party seeking the surcharge has the burden of showing a "concrete" and "quantifiable" benefit. <u>In re Debbie Reynolds Hotel & Casino, Inc.</u>, 255 F.3d 1061, 1068 (9th Cir. 2001).

The necessity and reasonableness of trustee's expenses are measured against the benefits obtained for the secured creditor "and the amount that the secured creditor would have necessarily incurred through foreclosure and disposal of the property." <u>Compton</u>, 217 F.3d at 1260. To establish benefit, movant must establish in quantifiable terms that it expended funds "directly to protect and preserve the collateral." <u>Compton</u>, 217 F.3d at 1261.

**DISCUSSION**

(1) The Jackson-Fenton parties received a quantifiable benefit only regarding the Cash collected by trustee. Trustee moved to abandon all other assets shortly after she was appointed.

(2) If the Jackson-Fenton parties had enforced their lien against the Cash themselves, they would have had to: (a) examine Debtor's books and records to identify bank deposits and collectible accounts receivable; (b) examine public records for liens; (c) file papers with the levying officer and give notice to

third parties with an interest in the Cash; and (d) respond to competing claims of third parties.

(3) Trustee's professionals collected the Cash and examined competing claims against the Cash.

(4) The Jackson-Fenton parties did not consent to a section 506(c) surcharge of the Cash. Trustee does not contend that the stipulation to *reserve* $75,000 for the section 506(c) surcharge resolved the amount of the surcharge to be allowed. Trustee has filed no other evidence of consent to the amount of the surcharge sought by trustee and her professionals. The Jackson-Fenton parties' failure to object to the services provided by trustee and her professionals, and notice of non-opposition to conversion of the case to chapter 7, do not imply consent. See Cascade Hydraulics, 815 F.2d at 548 ("Mere cooperation with the debtor does not make the secured creditor liable for all administrative expenses.")

(5) The statutory commission sought by trustee is not properly charged to the Jackson-Fenton parties, because trustee has not submitted time records showing that she performed any of the acts necessary for collecting and preserving the Cash or, to the extent she did perform such acts, the value of the services performed. The section 326 commission, calculated from funds distributed to creditors, is the compensation due from the estate for all the services performed by a trustee, and does not establish the benefit provided to secured creditors for purposes of section 506(c).

(6) The Cash should be surcharged in the amount of $5,299.50 for accountants' fees and expenses. All of the work performed by the accountants, other than services related to case

administration, related to recovering the Cash. The accountants'
request for surcharge voluntarily reduced the amount sought by
$2,430.87 to exclude services related to case administration.[6]

(7) The Cash should be surcharged in the amount of $7,086 for the following services performed by trustee's counsel. Trustee's counsel liquidated Debtor's factoring agreement with Security Protection Services, obtained funds from Debtor's bank accounts and lockbox, secured Debtor's premises, reviewed Debtor's books and records, obtained a portion of Burke Environmental LLC's cash collateral and distributed such funds to the Jackson-Fenton parties, and reviewed competing liens and interests.

(8) The Cash should not be surcharged the amounts sought by trustee's counsel for the services described below, because those services did not provide a quantifiable benefit to the Jackson-Fenton parties.

> (a) *The surcharge motion and counsel's efforts to obtain the Jackson-Fenton parties' stipulation to surcharge.* These services provided no benefit to the Jackson-Fenton parties, and would have been unnecessary outside of bankruptcy.
>
> (b) *Services regarding estate's non-cash assets.* These services did not benefit the Jackson-Fenton parties, because those assets yielded no monetary recovery for the Jackson-Fenton parties. Debbie Reynolds, 255 F.3d at

---

[6] The original fee application filed by trustee's accountants, and approved by this court on March 11, 2009, sought $7.660.37 in fees and expenses. Trustee's accountants consented to a reduction in this sum in the Supplement to Trustee's Motion for Surcharge, filed on June 5, 2009.

**MEMORANDUM RE JACKSON-FENTON**
**MOTION FOR TURNOVER OF FUNDS**     -6-

1068; In re Baum's Bologna, Inc., 50 B.R. 689, 691 (E.D. Pa. 1985).

(c) *Conferences with third party lawyers; drafting internal memoranda; motions to abandon assets and for turnover; services re scooters and houseboat; review of Debtor's schedules; Blue-Sky research.* Counsel has failed to show that this work was part of the identification and recovery of the Cash, or the notification of parties holding competing liens and interests against the Cash.

**\*\*END OF MEMORANDUM\*\***

1 | <u>Court Service List</u>

2

Daniel M. Linchey, Esq.
3 Katherine D. Ray, Esq.
Goldberg, Stinnett, Davis and Linchey
4 44 Montgomery Street, Suite 2900
San Francisco, CA 94104
5

6 Chris D. Kuhner, Esq.
Kornfield, Paul, Nyberg & Kuhner
7 1999 Harrison Street, Suite 2675
Oakland, CA 94612
8

9 E. Lynn Schoenmann
800 Powell Street
10 San Francisco, CA 94108

11

...

28

**MEMORANDUM RE JACKSON-FENTON
MOTION FOR TURNOVER OF FUNDS** -8-